H. S. CROCKER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

H. S. CROCKER CO., SUCCESSOR TO CUNNINGHAM, CURTISS & WELSH CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 29169, 29170, 36507, 40468, 40686. Promulgated August 4, 1930.

*John J. Goldberg, Esq.*, for the petitioners.
*John D. Foley, Esq.*, for the respondent.

OPINION.

LANSDON: These proceedings were instituted for a redetermination of deficiencies determined by the respondent against the H. S. Crocker Co. for the fiscal years ended March 31, 1923, 1924, 1926, and 1927 in the respective amounts of $423.56, $3,861.63, $1,483.60, and $921.99; and against the Cunningham, Curtiss & Welsh Co. for the fiscal year ended March 31, 1924, of $15,734.21.

On agreement of counsel the proceedings were consolidated for hearing and decision. With respect to Docket No. 36507, which involves the tax asserted against Cunningham, Curtiss & Welsh Co., the parties have stipulated that there is no deficiency, since the income on which it was based has been or will be included in the consolidated income-tax return for the H. S. Crocker Co., and that said company will assume responsibility for any tax found due from the dissolved subsidiary, Cunningham, Curtiss & Welsh Co.

The other four proceedings raise the single issue of the correct basis for depreciation deductions in each of the taxable years. The respondent has determined that the basis should be the cost of the assets which were acquired by the petitioner in March, 1919, from a predecessor company of the same name. The petitioner contends that the basis should be the fair market value at that date as established by appraisal, which it alleges was greatly in excess of the price fixed by the transfer.

The same question as to the fiscal years ended March 31, 1920 and 1921, was before the Board in *H. S. Crocker Co.*, 15 B. T. A. 175, where the Board held with the respondent that the price agreed upon for purposes of sale fixed the basis for depreciation of the assets acquired. The parties have agreed that the evidence introduced in that proceeding shall constitute the only evidence here, and since the issue raised is identical except that a different year is involved, our previous decision controls the question raised here. Upon the authority of that decision we must resolve the question in favor of the respondent.

*Decision will be entered under Rule 50.*